UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10090-WGY |
| | ) |
| MICHAEL WHITMORE | ) |
| | ) |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND INCORPORATED MEMORANDUM
AND REQUEST FOR EVIDENTIARY HEARING**

FACTS

The Defendant, Michael Whitmore, respectfully requests, pursuant to the Fourth Amendment of the Constitution, that the tangible evidence, seized by the Boston Police on or about September 27, 2003, be suppressed at trial. An evidentiary hearing on this motion is respectfully requested.

As grounds for this motion, Mr. Whitmore, through counsel, states:

1. The Defendant is charged by a grand jury indictment with possession of a firearm in violation of Title 18, U.S.C., §922(g)(1).

2. On September 27, 2003, a Boston Police Officer stopped the car Mr. Whitmore was operating at the intersection of Humboldt Avenue and Humboldt Court in Roxbury. The officer alleges that he observed Mr. Whitmore make a turn without using his directional signal. He also alleges that he observed Mr. Whitmore sinking in

LAW OFFICES OF
HAROLD H. HAKALA
15 COURT SQUARE
BOSTON, MA 02108
(617) 742-7040

his seat while driving and leaning forward prior to his being pulled over. The officer conducted a traffic stop and requested Mr. Whitmore's driver's license and registration. Mr. Whitmore complied.

3.  The officer, then, removed Mr. Whitmore from the vehicle and patted him down for weapons. He found none.

4.  The officer directed Mr. Whitmore to sit in the police cruiser while he searched the motor vehicle. He allegedly found a Smith & Wesson .9 mm handgun and ammunition inside the vehicle. Mr. Whitmore was placed under arrest.

## ARGUMENT

### MR. WHITMORE WAS ARRESTED WITHOUT A WARRANT

Because Mr. Whitmore's initial frisk, search and seizure was effectuated without a warrant, the government bears the burden of proving that it was legal. *Hayes v. Florida,* 470 U.S. 811 (1985); *Florida v. Royer,* 460 U.S. 491, 500 (1983); *United States v. Allen,* 629 F.2d 51, 55 (D.C. Cir. 1980). See also *Katz v. United States,* 389 U.S. 347 (1967); *Henry v. United States,* 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this court that the facts and circumstances, known to the arresting officer at the time he seized Mr. Whitmore, justified the seizure. *United States v. Jenkins,* 530 F.Supp.8, 10 (D.D.C. 1981), citing, *Brinegar v. United States,* 338 U.S. 160, 175 (1949).

LAW OFFICES OF
HAROLD H. HAKALA
15 COURT SQUARE
BOSTON, MA 02108
(617) 742-7040

In the instant case, the officer lacked probable cause to seize, search the motor vehicle and arrest Mr. Whitmore. Further, he lacked reasonable and articulable suspicion to frisk Mr. Whitmore. The physical evidence obtained by the officer should be suppressed. *Wong Sun v. United States,* 371 U.S. 471 (1963).

CONCLUSION

For all the above reasons, the Defendant requests that an evidentiary hearing on this matter be allowed.

Respectfully submitted,

/s/ Harold H. Hakala
Harold H. Hakala
15 Court Square
Boston, MA 02108
(617) 742-7040
BBO No. 216940

I hereby certify that on this 30th day of June, 2004, a true copy of the foregoing Motion To Suppress Tangible Evidence and Incorporated Memorandum and Request for Evidentiary Hearing and Affidavit was served upon Assistant John A Capin, United States Attorney's Office, One Courthouse Way, Boston, MA 02210, by 1st class mail and facsimile.

/s/ Harold H. Hakala
Harold H. Hakala