UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                                    )
UNITED STATES OF AMERICA            )
                                                    )
            v.                                      )        CRIMINAL NO. 04-10090-WGY
                                                    )
MICHAEL WHITMORE                       )
———————————————————————)

**GOVERNMENT'S RESPONSE TO SUBSTITUTE MOTION TO SUPPRESS
EVIDENCE WITH INCORPORATED MEMORANDUM OF LAW**

The government submits this memorandum to address the defendant's argument that,

under United States v. Lott, 870393 F.23d 778 (1st Cir. 1989), the question whether an officer

had reasonable suspicion to justify a Terry frisk, as opposed to a Terry stop, turns on the officers

subjective intent in conducting the frisk.  See defendant's Substitute Motion to Suppress

EvidenceWith Incorporated Memorandum of Law at 6-8.  The government's response to this

argument is twofold.  First, in this case, the factual rejoinder disposes of the argument.  That is to

say, Officer Smigielski's decision to remove Whitmore from the car, pat frisk him, and look

under the car seat was in fact motivated by concern for his own safety.  Thus, the Court need not

reach the issue of whether the officer's subjective intent is relevant.

Second, although the Court does not need to reach the issue, it is the government's

position that Lott is no longer good law.  Under Whren v. United States, 517 U.S. 806, 813

(1996), the "[s]ubjective intentions [of police officers] play no role in ordinary, probable-cause

Fourth Amendment analysis."   In the most recent First Circuit case addressing the issue, the

court stated, "In determining whether an officer had reasonable suspicion to justify a Terry stop

and protective frisk, the officer's subjective motives do not enter into the decisional calculus."

United States v. Romain, 393 F.3d 63, 74 (1st Cir.2004), citing Whren, 517 U.S. at  812, and

United States v. Trueber, 238 F.3d 79, 92 (1st Cir.2001).   See also United States v. Brown, 188 F.3d 860, 866 (7th Cir. 1999) (holding that an officer's motivation is irrelevant because the test is purely objective); United States v. Baker, 47 F.3d 691, 694 (5th Cir. 1995)("This Court...has never held that an officer's objectively reasonable concern for safety does not justify a protective Terry pat down for weapons where the officer has no actual fear for his safety."); United States v. Cummins, 920 F.2d 498, 502 (8th Cir. 1990)("As we apply an objective standard of reasonableness to this determination, our conclusion is not changed by [the officer's] testimony that he had no subjective fear that either Cummins or Akins were armed."); United States v. Michelletti, 13 F.3d 838, 842 (5th Cir. 1994) (en banc) (upholding officer's Terry frisk under an objective reasonableness standard, notwithstanding his testimony on cross-examination at the suppression hearing that he had no specific reason to believe that the defendant was armed).  See also United States v. Nee, 261 F.3d 79. 84 (1st Cir.2001) (declining to consider this issue); and United States v. Cofield, 391 F.3d 334, 337 n.1 (1st Cir. 2004) (on an officer's motivation to conduct a strip search, the court stated that, "if an objective assessment of the circumstances would have justified a concern about a concealed weapon, a court properly takes that concern into account in determining the reasonableness of the search, even though it was not the searching officer's motivation.") (citation to Whren omitted).  In sum, Lott does not survive Whren.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:    /s/ John A. Capin
>        _____
>        JOHN A. CAPIN
>        Assistant U.S. Attorney

(617) 748-3264